**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RIVERKEEPER, INC., <br><br> Plaintiff, <br><br> v. <br><br> TCI OF NY, LLC; TCI OF NY INTERNATIONAL INC.; BRIAN HEMLOCK, <br><br> Defendants. | Case No. 1:20-cv-1023 (MAD/DJS) |

## MOTION FOR ENTRY OF CONSENT DECREE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff Riverkeeper, Inc. with the consent of Defendants TCI of NY, LLC and TCI of NY International Inc. respectfully moves the Court to enter the attached proposed consent decree.

On March 3, 2022, Plaintiff notified the Court that the Parties had agreed to a settlement of this case. ECF 48. The Parties lodged a proposed consent decree with the Court and asked the Court to stay all proceedings pending the conclusion of a required forty-five (45) day review period mandated by the Clean Water Act ("CWA") and its regulations, to allow the United States to review the proposed consent decree. 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(b). *Id.* On March 7, 2022, the Court granted the stay. ECF 49. For the Court's convenience, a copy of the proposed consent decree is also submitted herewith.

On March 3, 2022, Counsel for Plaintiff provided copies of the fully-executed proposed consent decree to the United States Department of Justice ("DOJ") and the United States Environmental Protection Agency ('EPA"). On April 15, 2022, DOJ provided a letter to

Counsel for Plaintiff and requested that this letter be filed with the Court via ECF. Counsel for Plaintiff will be filing this letter concurrently with this motion. This letter states that "the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court." Thus, the parties have complied with all the Clean Water Act's procedural requirements.

The Second Circuit has recognized a "strong judicial policy in favor of settlements." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In examining a consent decree proposed to resolve a citizen suit, "a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Cub, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citing *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)).

In the context of the Clean Water Act, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Often, voluntary compliance with environmental regulations will "contribute significantly toward ultimate achievement of statutory goals" by reducing the cost of environmental compliance. *Patterson v. Newspaper & Mail Deliverers' Union*, 514 F.2d 767, 771 (2d Cir. 1975). Ultimately, settlements encourage informal resolution of disputes, allowing the parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010).

In its complaint, Plaintiff alleged that Defendants were violating the CWA by discharging polluted stormwater from their recycling facility into a tributary of Coeymans Creek, a water of the United States, in violation of their authorization under the Multi-Sector General Permit for

Stormwater Discharges Associated with Industrial Activity. ECF 1 ¶¶ 2–5. The proposed consent decree requires Defendants to come into compliance with the CWA by revising their Stormwater Pollution Prevention Plan ("SWPPP") and implementing additional pollution control measures. *See* Consent Decree, Ex. A, In addition, Defendants are required to pay an Environmental Benefit Payment in the amount of $45,000 to the City of Troy for use on projects relating to the design, engineering, permitting, and other relevant environmental studies required for the removal of the Rail Joint Mill Dam on the Wynants Kill, a tributary to the Hudson River.

These terms are fair, reasonable, and adequate. By requiring Defendants to improve their stormwater control measures and update their SWPPP, the proposed consent decree remedies the specific statutory violations alleged in the complaint and ensures that Defendants will remain in compliance with their permit and the Clean Water Act moving forward. As evidenced by DOJ's review and approval, the agreement is in accordance with public policy. The Court should enter the proposed consent decree and resolve this dispute because doing so will further the CWA's twin policy aims of protecting the health of our nation's waterways and reducing the cost of environmental compliance.

For the reasons stated above, Plaintiff respectfully moves the Court to enter the attached proposed consent decree by signing on page 12 and then e-filing the so-ordered consent decree.

Respectfully submitted this 18th day of April, 2022.

/s/ *Edan Rotenberg*
Edan Rotenberg
Super Law Group, LLC
110 Wall Street
New York, New York 10005
(212) 242-2355

*Attorney for Plaintiff*