UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RIVERKEEPER, INC.,

        Plaintiff,

v.

TCI OF NY, LLC; TCI OF NY
INTERNATIONAL INC.; BRIAN
HEMLOCK,

        Defendants.

Case No. 1:20-cv-1023 (MAD/DJS)

**CONSENT DECREE**

---

        WHEREAS, Plaintiff Riverkeeper, Inc. ("Riverkeeper") is a not-for-profit environmental organization organized under the laws of the state of New York, with its principal place of business in Ossining, New York.

        WHEREAS, Defendant TCI of NY, LLC is a limited liability company incorporated under the laws of the State of New York that has an office at 99 Coeymans Industrial Park Lane, Ravena, NY 12045 and participates in ownership and operation of the Facility.

        WHEREAS, Defendant TCI International Inc. is a domestic business corporation registered with New York State Department of State that has an office at 99 Coeymans Industrial Park Lane, Ravena, NY 12045 and participates in ownership and operation of the Facility.

        WHEREAS, Defendant Brian Hemlock is the President and an owner of TCI of NY, LLC and is responsible for operation of the Facility.

        WHEREAS, Defendants allegedly discharge polluted stormwater runoff from the recycling facility located at 99 Coeymans Industrial Park Lane, Ravena, NY ("the Facility") into the waters of the United States, including an unnamed tributary to Coeymans Creek, a navigable water of the United States which in turn discharges to Coeymans Creek and the Hudson River.

        WHEREAS, the Facility operates under a primary Standard Industrial Classification ("SIC") Code of 5093 and therefore any discharge of stormwater associated with activities at the Facility is subject to the General Permit for the Discharge of Stormwater Associated with Industrial Activity ("General Permit") issued by the New York State Department of Environmental Conservation ("DEC"), Permit No. GP-0-17-004.

        WHEREAS, Riverkeeper sent a notice of intent to sue Defendants (the "Notice Letter") on March 17, 2020 and filed this action on September 1, 2020, alleging violations of 33 U.S.C.

§§ 1311(a) and 1342 of the Clean Water Act ("CWA") and seeking declaratory and injunctive relief, civil penalties, and reasonable attorneys' fees and costs.

WHEREAS, Riverkeeper alleged in its complaint (the "Complaint") and in its earlier Notice Letter that Defendants have violated and continue to violate CWA Section 33 U.S.C. §§ 1311(a) and 1342; these allegations are denied by Defendants.

WHEREAS, Riverkeeper and Defendants agree that pollutants associated with the industrial activities of neighboring facilities have significant potential to enter Defendants' property and to be discharged in stormwater;

WHEREAS, without any concession or admission by Defendants that they have violated the Clean Water Act, or any concession or admission by Riverkeeper that Defendants' implementation of the measures listed below will prevent all discharge of polluted stormwater or will assure compliance with the terms and conditions of the General Permit, Riverkeeper and Defendants (collectively, "the Parties" or individually "Party") agree that it is in their mutual interest to resolve this matter without the taking of evidence or findings of fact or law, and the Parties would like to avoid prolonged and costly litigation; and

WHEREAS, this Decree shall be submitted to the United States Department of Justice and the United States Environmental Protection Agency ("EPA") for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c);

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendants of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

 I. **DEFINED TERMS**

The defined terms set forth in the foregoing recitals are hereby incorporated into the body of this Decree and are made a part hereof. Terms used in this Consent Decree that are defined in the CWA and its implementing regulations shall have the meanings assigned to them in the Acts or such regulations, unless otherwise provided in this Consent Decree. In addition, the following terms used in this Decree have the meaning set forth below:

1. Effective Date: the date upon which this Consent Decree is entered by the Court.

2. Term of this Decree: the period beginning on the Effective Date and ending 18 months from the date of the Effective Date.

3. The Facility: the real property associated with the recycling facility located at 99 Coeymans Industrial Park Lane, Ravena, NY, and property adjacent to such property that is subject to allegations in the Complaint.

4. The Agencies: the EPA and the DEC.

5. Defendants: TCI of NY, LLC; TCI International Inc.; and Brian Hemlock.

6. SWPPP: Stormwater Pollution Prevention Plan.

## II.   JURISDICTION AND VENUE

7. **Jurisdiction.** Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question), 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction). Riverkeeper has standing and has complied with the statutory notice requirements under the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2. An actual, justiciable controversy exists between Riverkeeper and Defendants. The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

8. **Venue.** Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because the events giving rise to this action occurred at the Facility and in the Coeymans Creek and Hudson River watersheds, navigable waters of the United States, that are located within this judicial district.

9. **Consent.** For purposes of this Decree, or any action to enforce this Decree, Defendants consent to the Court's jurisdiction over this Decree and any such action and over Defendants. For purposes of this Decree, Defendants consent to venue in this judicial district.

10. **Dismissal of Brian Hemlock.** All of the parties that have appeared in this action are signatories to this Decree. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), all of the parties stipulate to the voluntary dismissal of Defendant Brian Hemlock from this action as of the Effective Date. However, Mr. Hemlock's release of liability pursuant to Paragraph 31 shall survive the entry of this Decree.

## III.   COVERAGE UNDER THE GENERAL PERMIT

11. **Additional Control Measures.** Defendants will implement the stormwater pollution control measures set forth in Appendix A within 30 days from the Effective Date, unless specified otherwise in Appendix A. Thirty days after the Effective Date, Defendant shall provide Riverkeeper with a revised SWPPP and a report attesting to the implementation of physical measures. Where feasible, the report shall include photographs demonstrating installation/completion of the physical measures.

12. **SWPPP Amendments.** If, during the Term of this Decree, Defendants amend the SWPPP, or are required to amend the SWPPP for any reason including but not limited to the reasons enumerated in the General Permit, Defendants shall provide written notice to Riverkeeper within seven (7) days of the amendment and shall provide Riverkeeper with all documents related to such amendment.

3

13. **Schedule of Compliance – Riverkeeper's Covenant not to Sue.** The General Permit requires aspiring permittees to prepare and fully implement a SWPPP before they are eligible to seek coverage under the General Permit. In deference to practical considerations, the Consent Decree allows a 30-day period for Defendants to implement the additional control measures described in Section III.10. Provided that these measures are implemented on schedule, Riverkeeper hereby covenants not to prosecute Defendants' failure to fully implement these measures and covenants not to challenge Defendants' status under the General Permit during this initial period.

14. **Implemented Storm Water Controls.** Defendants shall maintain in good working order all storm water collection and treatment systems currently installed or to be installed pursuant to this Consent Decree, including but not limited to existing housekeeping measures.

IV.   **MONITORING PROGRAM**

15. **Additional Monitoring.** In addition to the inspections, monitoring, and reporting required under the General Permit and set forth in the attached SWPPP, Defendants agree to perform the following additional monitoring described herein during the Term of this Decree, during business hours.

16. **Sampling Points.** The sampling points shall be those described in the SWPPP.

17. **Sampling Frequency.** Defendants will sample and analyze stormwater discharges from one qualifying storm event that results in discharge in each quarter.

18. **Sampling Methodology.** Defendants will take samples at each sampling point in a manner that is consistent with the requirements and protocols set forth in the General Permit. Defendants may report this sampling as part of the stormwater monitoring required by the General Permit. In addition, Defendants shall sample and report to Riverkeeper (not to DEC) on concentrations of chlorides and total dissolved solids (TDS) in such samples. The data on chloride and TDS concentrations are not actionable against Defendants in any way.

19. **Recordkeeping.** Defendants will comply with the reporting and recordkeeping requirements of the General Permit. Defendants shall maintain written documentation at the Facility describing all inspections and assessments required under applicable provisions of the General Permit or of this Decree.

20. **Results sent to Plaintiff.** Defendants will send to Riverkeeper a copy of every inspection record and sampling result taken during the Term of this Decree once per calendar year, no later than February 1 of the following year or on the last day during which this Decree is in effect, whichever is sooner, unless earlier reporting of an exceedance or violation is required pursuant to Section V.

21. **Provision of Documents to Riverkeeper.** During the Term of this Decree, Defendants shall provide Riverkeeper with copies of any documents or correspondence related to

4

discharges of pollution from the Facility to waterbodies or sewers of any kind or Clean Water Act compliance regarding the Facility submitted to any governmental agency, including but not limited to the Agencies. This includes, but is not limited to:

a. Documents and correspondence related to Defendants' SPDES/NPDES permit coverage at the Facility;
b. annual reports including the Annual Certification Report required under the General Permit;
c. Monitoring or sampling data;
d. Revisions to the SWPPP;
e. Data related to discharges of industrial wastewater or industrial stormwater to the sanitary sewer system, if any (at this time Defendants have no such discharges);
f. Reports of spills or other incidents that may result in discharge of pollutants to a waterbody or sewer; and
g. Documents relating to inspections conducted by any governmental agency that relate to industrial wastewater or industrial stormwater.

V. **EXCEEDANCES AND VIOLATIONS**

22. **Reporting Numeric Effluent Limitation Violations.** Notwithstanding the annual reporting schedule set forth in Section IV, if at any point during the Term of this Decree the analytical results of any sample for any parameter exceeds any applicable *numeric effluent limitation* or *benchmark monitoring cutoff concentration* established in the General Permit, Defendants shall report the event to Riverkeeper and provide the analytical results within seven (7) days of receiving the analytical results.

23. **Corrective Action.** Where an effluent limitation or benchmark monitoring cutoff concentration is exceeded, or when Riverkeeper provides Defendants notice of non-compliance, Defendants shall take responsive actions to improve storm water management practices, including re-evaluating structural and non-structural BMPs and considering additional BMPs aimed at reducing pollutant levels observed in samples. Within thirty (30) days of discovering such exceedance or non-compliance, Defendants shall provide Plaintiff with a Memorandum containing the following information:

    a. Identification of any constituent that experienced an exceedance;
    b. Explanation of the possible cause(s) and/or source(s) of the non-compliance; and
    c. Explanation of Defendants' planned responsive actions.

Defendants shall complete all responsive actions within ninety (90) days of discovery, unless Riverkeeper concurs to an extended timeline for completion. Any concurrence or failure to object by Riverkeeper shall not be deemed to be an admission of the adequacy of such measures should they fail to bring the Facility's stormwater into compliance with applicable water quality criteria or the Clean Water Act's technology-based standards requiring industrial stormwater discharges to be controlled to the level achievable by the best available technology economically available.

24. **Exclusion for Run-On/Deposition.** Riverkeeper and Defendants agree that the Facility is uniquely affected by pollution from neighboring industrial operations that has caused both run-on and aerial deposition of pollutants associated with salt and with handling of combustion wastes such as slag and fly ash. Accordingly, and notwithstanding any other provision of this Decree, Riverkeeper shall not seek to enforce the corrective action provisions of this Decree, or seek judicial intervention, or take any other action beyond good faith discussion with Defendants concerning any exceedance of benchmark cut off concentrations or numeric effluent limitations for the following parameters: aluminum, iron, magnesium, selenium, road salt, slag, or fly ash.

## VI.   PAYMENTS

25. **Environmental Benefit Payment ("EBP")**. In lieu of any payment that could have been assessed as a penalty if the matter were tried, Defendants shall pay the sum of forty five thousand dollars ($45,000) to the City of Troy (the "EBP Recipient"), 433 River Street, Suite 5001 Troy, NY 12180, for use on projects relating to the design, engineering, permitting, and other relevant environmental studies required for the removal of the Rail Joint Mill Dam on the Wynants Kill, a tributary to the Hudson River. This payment has been placed in escrow with Defendants' attorney. The payment shall be sent via certified mail, or similar service with tracking, within seven (7) business days of the Effective Date. Defendant shall concurrently notify Riverkeeper that payment has been sent and provide the tracking number, in writing. None of this payment shall be disbursed to Riverkeeper.

26. **Stipulated Additional EBP**. Should Defendant fail to provide information or any required documentation to DEC or Riverkeeper by the deadlines required by the General Permit or this Decree, Defendant shall make an additional payment of one-thousand dollars ($1,000) for each instance of failure to provide information and/or documentation and/or missed deadline. Payments shall be made to the EBP Recipient via certified check by certified mail, or similar service with tracking. Payment of each additional amount shall be due fourteen (14) days following each missed deadline. Defendant shall concurrently notify Riverkeeper, in writing, each time a payment is made and provide a copy of each check and the tracking number. None of these payments shall be disbursed to Riverkeeper.

27. **Fees, Costs, and Expenses.** Defendants shall pay a sum of one hundred thousand dollars ($100,000) as full and complete satisfaction of Riverkeeper's claims for attorneys' fees and costs incurred to date, including investigative and expert costs. The payment has been placed in escrow with Defendants' attorney and will be sent to Riverkeeper's attorney via certified mail, or similar service with tracking, within seven (7) business days of the Effective Date. Defendant shall concurrently notify Riverkeeper that payment has been sent and provide the tracking number, in writing. The check shall be payable to "Super Law Group, LLC Attorney Trust - IOLA". Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of Riverkeeper.

28. **Compliance Oversight Fees and Costs.** Riverkeeper will incur costs in order to monitor Defendants' compliance with this Decree. To help defray these costs,

6

Defendants agree to pay five thousand dollars ($5,000).  The payment has been placed in escrow with Defendants' attorney and will be transferred to Riverkeeper's attorney within seven (7) business days of the Effective Date.  The check shall be payable to "Super Law Group, LLC Attorney Trust - IOLA".  Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of Riverkeeper.  Riverkeeper or its attorneys shall present to Defendants an invoice for any payment they propose to take from this sum to cover compliance oversight fees and costs.  Defendants shall have two weeks from receipt of any such invoice to object to the sum claimed.  If Defendant does not object, Riverkeeper's attorneys shall draw down the trust account to pay the proposed sum.  If Defendant objects, the Parties shall follow the Dispute Resolution Procedure set forth in Section X.  Any funds not used during the Term of this Decree shall be returned to TCI.

### VII.     EFFECT OF DECREE

29. **Riverkeeper's Release of Liability.**  Upon Court approval and entry of this Consent Decree, Riverkeeper covenants not to sue and releases Defendants (including their representatives, assigns, agents, employees, officers, attorneys and consultants) from any and all claims, causes of action, or liability related to stormwater under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, for damages, penalties, fines, injunctive relief, or any other claim or relief (a) relating to or resulting from noncompliance with the Clean Water Act occurring prior to the Effective Date, and (b) for any past violations of the Clean Water Act at the Facility alleged, or that could have been alleged in the Complaint.  This Paragraph does not constitute a waiver or release of any claims relating to the enforcement of this Decree.

30. **Reservation.**  Riverkeeper does not waive its right to bring a future action for injunctive or declaratory relief, penalties, and attorneys' fees and costs based on stormwater discharges that occur after the Term of this Decree.

31. **Defendants' Releases of Liability.**  Defendants release and discharge Riverkeeper and its representatives, assigns, agents, employees, officers, attorneys and consultants, including those who have held positions in the past, from any and all claims, liability, demands, penalties, costs, and causes of action of every nature which concern or are connected with this action.

32. **Compliance with Law.**  Riverkeeper does not by consent to the Decree warrant or aver in any manner that Defendants' compliance with this Decree shall constitute or result in compliance with federal or state law or regulation.  Nothing in this Decree shall be construed to affect or limit in any way the obligations of Defendants to comply with all federal, state, and local laws and regulations governing any activity required by this Decree.

33. **Impossibility of Performance.**  Where implementation of the actions set forth in this Decree within the agreed deadlines becomes impossible, despite the timely good faith efforts of the Parties, the Party who is unable to comply shall notify the others in writing within seven (7) days of the date that the failure becomes apparent and shall describe the

7

reason for the non-performance. The Parties agree to meet and confer in good faith concerning the non-performance and, where the Parties concur that performance was or is impossible, despite the timely good faith efforts of one of the Parties, new performance deadlines shall be established. If the Parties cannot timely agree upon the terms of such a stipulation, either shall have the right to seek intervention of the Court.

## VIII.   FEDERAL REVIEW OF DECREE

34. **Review by United States.** The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Decree cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Decree by the Attorney General of the United States and the Administrator of the EPA. Therefore, upon signing of this decree by the Parties, Riverkeeper shall serve copies of this Decree upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5. If for any reason the United States should decline to approve this Decree in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Decree raised by the United States.

35. **Entry of Order.** Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), the Parties shall move the Court for entry of this Decree. This Decree shall take effect on the date it is entered by this Court and shall terminate 18 months from when it is entered by the Court. If for any reason the Court should decline to approve this Decree in the form presented, the Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

## IX.   MODIFICATION AND ENFORCEMENT OF DECREE

36. **Modification in Writing.** This Decree may be modified only upon written consent of the Parties and the approval of the Court.

37. **Continuing Jurisdiction of the Court.** The United States District Court for the Northern District of New York shall retain and shall have jurisdiction over the Parties to this Decree for the resolution of any disputes that may arise under this Decree. This Court shall also allow this action to be reopened for the purpose of enabling the Parties to this Decree to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree.

## X.   DISPUTE RESOLUTION PROCEDURE

38. **Meet and Confer.** Any disputes with respect to any of the provisions of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the Parties affected by the dispute to attempt to resolve such dispute.

39. **Motion.** If a dispute between the Parties cannot be resolved by informal negotiations, a Party may file a motion with the Court seeking resolution of the dispute. The motion

shall set forth the nature of the dispute and a proposal for its resolution.  The other Party shall have 30 days to respond to the motion and propose an alternate resolution.

40. **Notice.**  The moving Party shall provide the other Party with seventy-two (72) hours written notice prior to initiating court proceedings to enforce this Decree.

41. **Fee Awards.**  In resolving any dispute arising from this Agreement, the Court shall have discretion to award attorneys' fees and costs. The relevant provisions of the Clean Water Act and Rule 11 of the Federal Rules of Civil Procedure shall govern the allocation of fees and costs in connection with the resolution of any disputes before the Court.

XI.   MISCELLANEOUS PROVISIONS

42. **Non-Opposition to Intervention.**  Riverkeeper is also a plaintiff in an action against an adjacent industrial property titled *Riverkeeper Inc., v. Coeymans Recycling Center, LLC, et al.*, Dkt. No.  1:20-cv-1025, filed in the Northern District of New York.  Riverkeeper shall not oppose intervention by Defendants in that matter.

43. **Entire Agreement.** This Decree constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all previous correspondence, communications, agreements, and understandings, whether oral or written, among the Parties.

44. **Notices.** Any notice, demand, copies of documents, or other communications required to be made under the provisions of this Decree (collectively, "Notices") by any Party hereto shall be effective only if in writing.  Notices shall be directed to the Parties at their respective addresses set forth below.  Notices given in the foregoing manner shall be deemed given: (a) if delivered by courier, when actually received or refused by the addressee; (b) if mailed, on the day of actual delivery as shown by the addressee's registered or certified mail receipt or at the expiration of three (3) business days after the date of mailing, whichever first occurs; or (c) if e-mailed, when acknowledged by the addressee.  Each Party shall promptly notify the other Party of any change in this contact information, including but not limited to a change in representation.

| Notices for Riverkeeper shall be sent to: | Notice for all Defendants shall be sent to: |
|---|---|
| Edan Rotenberg<br>edan@superlawgroup.com<br>and<br>Benjamin Pierce<br>ben@superlawgroup.com<br><br>Super Law Group, LLC<br>110 Wall Street, 3rd Floor<br>New York, NY 10005<br><br>Notices sent to the individuals listed above at the address listed above shall be deemed as notice to Plaintiff. | William Better<br>williamjbetter@williamjbetterpc.com<br>and<br>Joseph Clyne<br>josephdclyne@williamjbetterpc.com<br><br>William J. Better, P.C.<br>1 Albany Avenue<br>Kinderhook, New York 12106<br><br>Notices sent to the individual listed above at the address listed above shall be deemed as notice to all Defendants. |

45. **Authorization.** Each person signing this Decree represents and warrants that s/he has been duly authorized to enter into this Decree by the Party on whose behalf it is indicated that the person is signing.

46. **Successors and Assigns.** This Decree shall be binding upon and inure to the benefit of the Parties and their respective representatives, heirs, executors, administrators, successors, officers, directors, agents, attorneys, employees and permitted assigns.

47. **Transfer of Ownership.** Defendants shall notify Riverkeeper prior to any transfer of ownership or control of the Facility to a non-Party. Defendants agree that as a condition of transfer of ownership or control of the Facility, the new owner or operator shall be informed in writing of this Decree and of its requirements to comply with the Clean Water Act.

48. **Interpretation.** The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Decree, but shall be construed as if all Parties prepared this Decree, and any rules of construction to the contrary are hereby specifically waived. The terms of this Decree were negotiated at arm's length by the Parties hereto. The language in all parts of this Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined by law, in the General Permit, Clean Water Act or specifically herein.

49. **Headings.** The section and paragraph headings contained in this Decree are for reference purposes only and shall not affect in any way the meaning or interpretation of this Decree.

50. **Counterparts.** This Decree may be executed in two or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. The Parties authorize each other to detach and combine original

10

signature pages and consolidate them into a single identical original. Any one of such completely executed counterparts shall be sufficient proof of this Decree. Telecopied, scanned (.pdf), and/or facsimiled copies of original signature shall be deemed to be originally executed counterparts of this Decree. Copies of the original Decree, whether transmitted by facsimile or other means, shall be effective.

51. **Severability.** In the event that any of the provisions of this Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

52. **Joint and Several Liability.** Defendants are jointly and severally liable for all payments required under this Decree.

53. **Changes to the General Permit.** Defendants will comply fully with the General Permit and any permit modification, individual permit, or General Permit reissuance applicable to the Facility during the Term of this Decree. If new or revised benchmark monitoring cutoff concentrations or effluent limitations (numeric or non-numeric) become applicable, compliance with them is required and any exceedance of a new or modified benchmark monitoring cutoff concentration or effluent limitation will have the same effect as any exceedance of an existing benchmark monitoring cutoff concentration or effluent limitation.

54. **Publicity**. Any public statement made by Defendants in any press release, in any oral or written material promoting Defendant's environmental or charitable practices or record, or in Defendant's Annual Reports, that refers to Defendant's payments, obligations, or improvements to practices, equipment, or facilities under this Decree shall state that the payments, purchases, changes, improvements or similar "were made pursuant to the settlement of a Clean Water Act enforcement suit brought by Riverkeeper."

Dated: _____     TCI of NY, LLC

                                  _____
                                  By:
                                  Title:

Dated: _____     TCI International Inc.

                                  _____
                                  By:
                                  Title:

11

52. **Joint and Several Liability.** Defendants are jointly and severally liable for all payments required under this Decree.

53. **Changes to the General Permit.** Defendants will comply fully with the General Permit and any permit modification, individual permit, or General Permit reissuance applicable to the Facility during the Term of this Decree. If new or revised benchmark monitoring cutoff concentrations or effluent limitations (numeric or non-numeric) become applicable, compliance with them is required and any exceedance of a new or modified benchmark monitoring cutoff concentration or effluent limitation will have the same effect as any exceedance of an existing benchmark monitoring cutoff concentration or effluent limitation.

54. **Publicity.** Any public statement made by Defendants in any press release, in any oral or written material promoting Defendant's environmental or charitable practices or record, or in Defendant's Annual Reports, that refers to Defendant's payments, obligations, or improvements to practices, equipment, or facilities under this Decree shall state that the payments, purchases, changes, improvements or similar "were made pursuant to the settlement of a Clean Water Act enforcement suit brought by Riverkeeper."

Dated: 2/28/2022

TCI of NY, LLC

By: Brian Hemlock
Title: President

Dated: 2/28/2022

TCI International Inc.

By: Brian Hemlock
Title: President

Dated: 2/28/2022

Brian Hemlock (stipulating as to voluntary dismissal pursuant to Paragraphs 10 and 31)

By: Brian Hemlock
Title: Individually

Dated: _____

Riverkeeper, Inc.

Dated: _____     Brian Hemlock (stipulating as to voluntary
                                                                                 dismissal pursuant to Paragraphs 10 and 31)

By:
Title:

Dated: \_\_\_3/3/2022_____     Riverkeeper, Inc.

By: Victoria Leung
Title: Staff Attorney

ENTERED and DATED this 22 day of April, 2022

Honorable Mae A. D'Agostino
United States District Judge

12

# EXHIBIT A: SCHEDULE

### Additional Control Measures (Section III of Consent Decree)

| Requirement | Deadline |
|---|---|
| Amend SWPPP, including Section 10.6 of SWPPP, to indicate that Defendants engage in and will comply with MSGP requirements for N-3 and N-5 activities. | Effective Date* + 30 days |
| Update SWPPP and Notice of Intent to specify that the Class C tributary to Coeymans Creek (ID:863- 544) is the receiving water from Outfall 001 | Effective Date + 30 days |
| Amend SWPPP to include more specific language and provide Amended SWPPP to Riverkeeper. Specific amendments:<br><br>1. Amend Section 7 to reflect specific non-numeric technology based effluent limits (BMPs and stormwater controls) actually in use, remove references to any not in use, provide dates by which any BMPs not yet installed but planned will be put in use, and detail operation and maintenance schedules of BMPs.<br><br>2. Amend site map to identify locations and specifications of catch basin filters and velocity dissipation devices.<br><br>3. Amend Section 7.10 to describe how the Facility will dispose of washwater to avoid discharging it off-site without a permit and/or mixing washwater with stormwater.<br><br>4. Identify the specific practices that minimize pollution from materials stored in exposed areas.<br><br>5. Create maintenance checklist and log for all BMPs and stormwater controls, including but not limited to catch basins, dissipation devices, entrance trench drains, swales, bioretention areas, stone-lined trenches, forebay, and permanent pond as an appendix to SWPPP.<br><br>6. Replace the existing "Routine BMP Inspection Form (Quarterly)" in Appendix C of the SWPPP. Create detailed, site specific inspection checklist. Include inspection of spill cleanup supplies.<br><br>7. Add to SWPPP employee training schedule, materials, and training log. | Effective Date + 30 days |

13

| | |
|---|---|
| 8. Add requirement that any open secondary containment is monitored to ensure stormwater is discharged before it compromises the system's capacity and that all discharges are documented (pursuant to Part II.12.d and Table VI.1 of the MSGP). | |
| Employee training for monitoring and sampling – at least one on-site employee trained and identified to Riverkeeper and identified in SWPPP to monitor outfalls and collect samples during storm events. Document training in training log. | Effective Date + 30 days |
| Employee training for spill control - train all staff at least once per year on spill control and spill reporting requirements. Document training in training log. Amend SWPPP to reflect employee training schedule and protocol. | Effective Date + 30 days |
| Provide copy of training log, maintenance checklists and logs, inspection checklist and logs to Riverkeeper on February 1st of each year that Decree is in force. | Feb. 1 annually |
| Remove built-up sediment from channels of entrance trench drains | Effective Date + 30 days |
| Expand entrance trench drains | Effective Date + 30 days |
| Amend Section 8 of SWPPP to require collection of storm event data based on the Storm Event Data Form from Appendix D of the SWPPP, and include such storm event data with SWPPP | Effective Date + 30 days |
| Install and maintain a fully automated rain gauge. Data from the gauge shall be stored electronically for not less than 6 years. Data shall be accessible to Defendants' Stormwater Pollution Prevention Team at all times. | Effective Date + 30 days |
| Provide data from the on-site automated rain gauge to Riverkeeper | Feb. 1 annually |
| Amend Section 10.6 of SWPPP to provide the benchmark unit for Chromium as mg/L, rather than ug/L | Effective Date + 30 days |
| Amend Section 4.3.3.4 of the SPCC to include more specific measures | Effective Date + 30 days |
| Amend Section 7.4 of the SWPPP, or the SPCC Plan, to include details of training and procedures to contain releases while awaiting arrival of off-site contractors | Effective Date + 30 days |
| Amend Site Map in SWPPP to show:<br>1. locations of spills referenced in section 4.0. of the SWPPP.<br>2. locations of BMPs, including catch basin filters and velocity dissipation devices.<br>3. designated truck and equipment wash area.<br>4. exposed secondary containment | Effective Date + 30 days |

*The Effective Date is the date this Decree was entered by the Court.

14

**Other Requirements**
(collected here for convenience only, provisions of agreement above control)

| Requirement | Section | Deadline |
|---|---|---|
| Provide Amended SWPPP and Report on BMPs to Riverkeeper | III | Within 30 days |
| Provide copies of correspondence with Agencies related to CWA compliance to Riverkeeper | IV | Timely, within 30 days |
| Conduct sampling of stormwater discharges | IV | Quarterly |
| Provide copies of the following from the prior year to Riverkeeper: inspection reports and sampling results; training log, maintenance checklists and log, inspection checklist and log; | IV | Annually on Feb. 1 |
| Notification in event of benchmark exceedance | V | Within 7 days of learning of exceedance |
| Provide Riverkeeper with Corrective Action Memorandum for any exceedance | V | Within 30 days of learning of exceedance |
| Complete all corrective actions responding to exceedance, and provide proof to Riverkeeper | V | Within 90 days of learning of exceedance |
| Payments | VI | Effective Date + 7 days |
| Respond to Riverkeeper's request to meet and confer to resolve a dispute under the Decree | X | Within 72 hours of request |
| The above obligations and deadlines continue throughout the Term of this Decree | I | Effective Date + 18 months |

15